**Sydelle WEISS, Plaintiff,**

v.

**Irving ANKER, as Chancellor of Schools of the New York City School District, et al., Defendants.**

**No. 74–C–1647.**

United States District Court, E. D. New York.

Nov. 5, 1976.

James R. Sandner, New York City, for plaintiff, by Jeffrey S. Karp, New York City, of counsel.

W. Bernard Richland, Corp. Counsel, New York City, for defendants, by Steven C. DeCosta, Asst. Corp. Counsel, New York City, of counsel.

## MEMORANDUM and ORDER

NEAHER, District Judge.

Plaintiff, a licensed school secretary, challenges, under the Civil Rights Act, 42 U.S.C. § 1983, the termination of her probationary employment as violating due process. She seeks a permanent injunction enjoining defendants from terminating her services, reinstatement *nunc pro tunc* and back pay. Defendants have moved for summary judgment. Rule 56, F.R.Civ.P.

The following material facts are not in genuine dispute. Plaintiff obtained a license as school secretary and was appointed on February 16, 1973 as a probationary employee, with a probationary period of five years. In October 1973, her principal gave her an unsatisfactory rating and recommended that her services be discontinued. The community superintendent concurred in that recommendation. A panel of three supervisors, designated by the Chancellor, reviewed the recommendations at a hearing, held pursuant to Section 105a of the By-laws of the Board of Education.[1] The hearing panel recommended plaintiff's services not be discontinued and forwarded a written report to the Chancellor. Chancellor Anker rejected the recommendation of the hearing panel and approved the termination of plaintiff's employment. He gave no reasons for the decision. Plaintiff was then terminated as a probationary school secretary.

Plaintiff's initial premise for her attack on the validity of her termination is that, despite her probationary status, she was entitled to procedural due process. This right she derives from an asserted property interest in continued employment by virtue of the hearing granted under Section 105(a) of the By-laws. Plaintiff then proceeds to argue that minimal due process requires that the Chancellor's ultimate determination be in accordance with the evidence adduced at the hearing, and that reasons be given for his decision. Plaintiff finally charges that her termination was constitutionally defective because the Chancellor rendered his decision without reviewing the record of the Section 105(a) hearing and without giving reasons. She urges a trial is necessary on these questions.

Defendants, in the face of these claims, rest their motion for summary judgment on the argument that, as a probationary employee, plaintiff had no property interest protected by due process and was properly terminated.

The present motion, then, turns on the threshhold issue, whether the Section 105(a) hearing creates, for the probationary employee of the Board of Education, a property interest in continued employment, protected by due process. For the reasons which follow the court holds that this probationary employee is not so protected.

The starting point for analysis is *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), in which the Supreme Court defined, in the context of the dismissal of a non-tenured teacher by a State university, those areas of the employment relationship protected by procedural due process. First, absent any claim of first amendment violations, due process attaches if the State has invaded a liberty interest by basing termination on a charge which places at stake the employee's good

1. Section 105a. 1. Any person in the employ of the Board of Education who is summoned to appear before the Superintendent of Schools or a committee designated by him, in respect of the discontinuance of service during the probationary term, or at the expiration thereof, or a denial of increment in salary, or appeals from ratings, shall receive written notice of the time and place of the meeting, mailed to the person so summoned at least one week before the date specified for the said meeting, and addressed either to the school or to his last-known post-office address, specifying the matter to be considered. The notice shall inform the said person that he is entitled to appear in person, to be accompanied and advised by an employee of the Board of Education, to be confronted by witnesses, to call witnesses and to introduce any relevant evidence. The attendance of such adviser and witnesses shall not be deemed absence from official duty, but such persons shall not absent themselves from school duty except pursuant to such rules as the Superintendent of Schools shall prescribe. No person shall serve as adviser in more than two matters in a school year. No person in the employ of the Board of Education shall request or accept directly or indirectly any remuneration or other consideration for service as adviser or witness. A record tape or disc shall be kept of the proceedings where practicable in the form of a recording. The person thus summoned shall be entitled to examine exhibits and, in addition, shall be entitled to receive a duplicate of the sound recording discs or tapes of the proceedings, at cost. In the event that the sound recording equipment is not available or breaks down during the interview, minutes shall be taken of the proceedings and said minutes shall be available to the person summoned upon reasonable written notice and upon payment to the Board of Education of fifty cents a folio.

reputation, honor or integrity or imposes a stigma foreclosing other employment opportunities. *Id.* at 573, 92 S.Ct. 2701. Second, due process applies if the termination deprives the employee of a protected property interest. *Id.* at 576–77, 92 S.Ct. 2701. The unilateral expectation of reemployment on the part of the employee is not sufficient to create such a property interest. *Id.* at 577, 92 S.Ct. 2701.

■ It is not alleged that any charges were levelled against plaintiff impugning her reputation or integrity in deprivation of any liberty interest. Nor has plaintiff been deprived of her license as school secretary so as to deprive her of a property interest. Indeed, under the teachings of *Board of Regents v. Roth, supra,* as a constitutional matter plaintiff, a probationary employee, was not entitled to the protection of due process, and the Chancellor could therefore have discontinued plaintiff summarily.

■ Seemingly recognizing this conclusion, plaintiff seeks to augment the status of the Section 105a hearing by claiming that the right to a hearing created an expectation of continued employment absent a showing to the Chancellor that termination was justified. Plaintiff is suggesting that the recommendation of the hearing panel is binding in some way on the Chancellor. The By-law itself makes no such suggestion nor will the court imply one. The sole expectation which plaintiff might have had was that the Chancellor would, upon receipt of the advisory opinion, concur in the hearing panel's recommendation and reject the initial one. This expectancy on part of plaintiff does not rise to the level of a legitimate claim of entitlement to continued employment to create a property interest for purposes of due process.

■ Plaintiff's final argument, that the Chancellor's failure to follow the Board's own rules violates due process, is self-defeating. Assuming *arguendo* that a Section 105a hearing defines a modicum of entitlement to due process, plaintiff was afforded what process was due, namely, a hearing at which she was entitled to personally appear, to be accompanied by a Board employee, to call witnesses and be confronted by them and to introduce any relevant evidence. Section 105a does not require the Chancellor to accept the hearing panel's recommendation or to give reasons for his decision. Were plaintiff to have been denied the Section 105a hearing, her position would be different. But having been afforded a hearing, she can make no further due process claim. Plaintiff having no property interest in employment, her claims of denial of due process must fall.

Accordingly, defendants' motion for summary judgment is granted.

SO ORDERED.

The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.